2/20/2015 2:26:19 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-000680

CAUSE NO. D-1-GN-15-000680

| | | |
|---|---|---|
| SOUTH AUSTIN PHARMACY, LLC, *Plaintiff* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | TRAVIS COUNTY, TEXAS |
| PHARMACISTS MUTUAL INSURANCE COMPANY *Defendant* | § § § § | 53RD ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff SOUTH AUSTIN PHARMACY, LLC ("Plaintiff") and files this PLAINTIFF'S ORIGINAL PETITION, complaining of Defendant PHARMACISTS MUTUAL INSURANCE COMPANY, and collectively referred to as "Defendant." For cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff is a Texas limited liability company with a principal place of business in Travis County, Texas.

3. Defendant PHARMACISTS MUTUAL INSURANCE COMPANY is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by serving its Attorney for Service Jay A. Thompson, located at 701 Brazos Street, Suite 1500, Austin, Texas 78701.
PLAINTIFF'S ORIGINAL PETITION                                    Pa



EXHIBIT A

## JURISDICTION

4. The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

5. The court has jurisdiction over Defendant PHARMACISTS MUTUAL INSURANCE COMPANY because this defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this defendant's business activities in the state of Texas.

## VENUE

6. Venue in this cause is proper in Travis County because the insured property is situated in Travis County. TEX. CIV. PRAC. & REM. CODE §15.032. Specifically, the loss occurred in Austin, Travis County, Texas.

## FACTS

7. Plaintiff is the owner of a commercial insurance policy ("the Policy"), which was issued by PHARMACISTS MUTUAL INSURANCE COMPANY.

8. Plaintiff owns the insured property, a community pharmacy, which is specifically located at 4203A James Casey Street in Austin, Texas ("the Property").

9. PHARMACISTS MUTUAL INSURANCE COMPANY sold the Policy, insuring the Property, to Plaintiff. Plaintiff is a consumer for purposes of the Texas Deceptive Trade Practices—Consumer Protection Act.

10. On or about April 30, 2014, thieves broke into Plaintiff, damaged property, and stole thousands of dollars worth of stock, including controlled substances. As a direct result,

Plaintiff's business was severely disrupted and interrupted. Plaintiff submitted a claim to PHARMACISTS MUTUAL INSURANCE COMPANY against the Policy for damages to the Property sustained as a result of the burglary and for business interruption damages. Plaintiff asked that PHARMACISTS MUTUAL INSURANCE COMPANY cover the cost of repairs to the Property and the cost of business interruption pursuant to the Policy.

11. PHARMACISTS MUTUAL INSURANCE COMPANY wrongfully denied Plaintiff's claim for business interruption damages, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

12. PHARMACISTS MUTUAL INSURANCE COMPANY failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, PHARMACISTS MUTUAL INSURANCE COMPANY failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the business interruption and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes a breach of the insurance contract between PHARMACISTS MUTUAL INSURANCE COMPANY and Plaintiff.

13. PHARMACISTS MUTUAL INSURANCE COMPANY misrepresented to Plaintiff that damages for business interruption sought by Plaintiff was not covered under the Policy. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE ANN. §541.060(a)(1).

14. PHARMACISTS MUTUAL INSURANCE COMPANY failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under

the Policy. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE ANN. §541.060(a)(2)(A).

15. PHARMACISTS MUTUAL INSURANCE COMPANY failed to explain to Plaintiff the reasons for their offer of an inadequate settlement (and a zero dollar offer for business interruption damages). Specifically, PHARMACISTS MUTUAL INSURANCE COMPANY failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, PHARMACISTS MUTUAL INSURANCE COMPANY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE ANN. §541.060(a)(3).

16. PHARMACISTS MUTUAL INSURANCE COMPANY failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from PHARMACISTS MUTUAL INSURANCE COMPANY. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE ANN. §541.060(a)(4).

17. PHARMACISTS MUTUAL INSURANCE COMPANY refused to fully compensate Plaintiff, under the terms of the Policy, even though they failed to conduct a reasonable investigation. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE ANN. §541.060(a)(7).

18. PHARMACISTS MUTUAL INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated fifteen (15) days of receiving notice of Plaintiff's claim. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE ANN. §542.055.

19. PHARMACISTS MUTUAL INSURANCE COMPANY failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated fifteen (15) business days of receiving all necessary information. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE ANN. §542.056.

20. PHARMACISTS MUTUAL INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, PHARMACISTS MUTUAL INSURANCE COMPANY has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for the claim. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE ANN. §542.058.

21. From and after the time Plaintiff's claim was presented to PHARMACISTS MUTUAL INSURANCE COMPANY, the liability of PHARMACISTS MUTUAL INSURANCE COMPANY to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, PHARMACISTS MUTUAL INSURANCE COMPANY has refused to pay

Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

22. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

23. Plaintiff's experience is not an isolated case. The acts and omissions PHARMACISTS MUTUAL INSURANCE COMPANY committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of PHARMACISTS MUTUAL INSURANCE COMPANY with regard to handling these types of claims. PHARMACISTS MUTUAL INSURANCE COMPANY's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

### Causes of Action Against PHARMACISTS MUTUAL INSURANCE COMPANY

24. PHARMACISTS MUTUAL INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

25. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes a breach of the insurance contract made between PHARMACISTS MUTUAL INSURANCE COMPANY and Plaintiff

26. PHARMACISTS MUTUAL INSURANCE COMPANY'S failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of PHARMACISTS MUTUAL INSURANCE COMPANY'S contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

27. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE ANN. §541.060(a). All violations under this article are made actionable by TEX. INS. CODE ANN. §541.151.

28. PHARMACISTS MUTUAL INSURANCE COMPANY'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.060(1).

29. PHARMACISTS MUTUAL INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though PHARMACISTS MUTUAL INSURANCE COMPANY'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.060(2(A).

30. PHARMACISTS MUTUAL INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise

settlement of the claim, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.060(3).

31. PHARMACISTS MUTUAL INSURANCE COMPANY'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.060(4).

32. PHARMACISTS MUTUAL INSURANCE COMPANY'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.060(7).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

33. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE ANN. §542.060.

34. PHARMACISTS MUTUAL INSURANCE COMPANY'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE ANN. §542.055.

35. PHARMACISTS MUTUAL INSURANCE COMPANY'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE ANN. §542.056.

36. PHARMACISTS MUTUAL INSURANCE COMPANY'S delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE ANN. §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

37. PHARMACISTS MUTUAL INSURANCE COMPANY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

38. PHARMACISTS MUTUAL INSURANCE COMPANY'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time PHARMACISTS MUTUAL INSURANCE COMPANY'S knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

39. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

40. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

41. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claim, together with attorney's fees.

42. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages. TEX. INS. CODE. ANN. §541.152.

43. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE. ANN. §542.060.

44. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

45. For noncompliance with the Texas Deceptive Trade Practices—Consumer Protection Act, Plaintiff is entitled to economic damages, which include the amount of the benefits wrongly withheld. For knowing conduct violations, with regard to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also asks for three times the economic damages. For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages. Plaintiff is also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

46. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in

the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

47. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000 and demands judgment for all other relief to which Plaintiff deems itself entitled.

## JURY DEMAND

48. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Travis County, Texas. Plaintiff is tendering the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant PHARMACISTS MUTUAL INSURANCE COMPANY be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code, the Texas Deceptive Trade Practices—Consumer Protection Act and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in Plaintiff's behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

EDWARDS★LAW★FIRM, PLLC

By: *George Edwards III* (signature)

George Edwards III

State Bar No. 24055438
3401 Allen Parkway, Ste. 101
PHONE 713-284-1632
FAX (713) 583-8715
Email:
george.edwards@edwardscounsel.com

Sutarwalla PLLC

By: /s/ Murtaza F. Sutarwalla
Murtaza F. Sutarwalla
State Bar No. 24056398

16225 Park Ten Place
Suite No. 500
Houston, Texas 77084
Phone (713) 338-3444
Fax (713) 338-3410
Email: murtaza@sutarlaw.com

ATTORNEYS FOR PLAINTIFF

# THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

## IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

### 512-472-8303
866-303-8303 (toll free)
www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

## SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

### 512-472-8303
866-303-8303 (llame gratis)
www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303