IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SOUTH AUSTIN PHARMACY, LLC, § | |
| Plaintiff § | |
| V. § | |
| § | |
| PHARMACISTS MUTUAL INSURANCE § | A-15-CV-0271LY-ML |
| COMPANY § | |
| Defendant § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Opposed Motion for Leave to File First Amended Complaint [#9], Plaintiff's Opposed Motion to Remand [#10], Defendant's Response in Opposition to Motion for Leave to File First Amended Complaint [#14], Defendant's Response in Opposition to Motion for Remand [#15], and Plaintiff's Reply in Support of Motion to Remand [#20]. The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, and the case file as a whole, the undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

This is a removal case in which Plaintiff South Austin Pharmacy lost the proverbial race to the courthouse by a mere 90 minutes. Mot. Leave Amend at 2. Plaintiff, a Texas-based

1

pharmacy, originally filed suit against its insurer, Iowa-based Pharmacists Mutual Insurance Company ("Pharmacists Mutual"), on February 20, 2015, in the 53rd Judicial District Court of Travis County, Texas. *Id.* On April 9, Plaintiff sought to amend its pleadings to join Grant W. Guthrie, a the Texas-based insurance agent of Pharmacists Mutual. *Id.* However, some three hours earlier that day, Pharmacists Mutual had already filed its Notice of Removal based on diversity jurisdiction. *Id.*

Plaintiff now seeks (1) leave to file an Amended Complaint in federal court joining the non-diverse defendant, Guthrie, and (2) remand to the state court based on the lack of complete diversity that would be caused by Guthrie's addition as a defendant.

## II. ANALYSIS

### A. Propriety of Removal

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). If the asserted basis of federal jurisdiction is the diversity of the parties, 28 U.S.C. § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). For purposes of establishing the propriety of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "If it is facially apparent that the amount in controversy likely exceeds $75,000.00 . . . , remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount. . . ." *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 588 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The plaintiff cannot meet this burden by simply stipulating, post-

removal, to an amount of damages below the jurisdictional minimum. *Ray Mart, Inc.*, 435 F. Supp. 2d at 588 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In the instant case, Plaintiff's Original Complaint demanded "monetary relief over $1,000,000." Notice of Removal [#1] Ex. A, Orig. Compl. at ¶ 47. It is further undisputed that the citizenship of Texas-based Plaintiff, South Austin Pharmacy, is diverse from that of Iowa-based Defendant, Pharmacists Mutual. *See* Notice of Removal [#1] at ¶ 14. Thus, at the time of removal in this case, diversity jurisdiction was well established. *Gebbia*, 233 F.3d at 883.

### B. Propriety of Amendment Joining Non-Diverse Party

Under Rule 15(a), "leave to amend shall be freely given when justice so requires," and should be granted absent some justification for refusal. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Although Rule 15(a) ordinarily governs pretrial amendments to pleadings, the rule is limited by the removal statute, which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); see also *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987). "If the court grants the joinder, it must, under 1447(c) . . . [,] remand the case to state court. If it denies the joinder, it cannot remand." *Hensgens,* 833 F.2d. at 1182. Therefore, the court "must scrutinize an amendment [to a pleading] that would add a non-diverse party more closely than an ordinary amendment." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. Tex. 2013).

In *Hensgens*, the Fifth Circuit recognized whether to permit the post-removal joinder of a non-diverse, non-indispensable party presents competing interests when that joinder would

destroy diversity jurisdiction. *Hensgens,* 833 F.2d. at 1182. The Fifth Circuit thus advised courts to use discretion in reaching a decision and to "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id*. The Fifth Circuit suggested consideration of: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for an amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities involved. *Id*.

### I. Is the Purpose of the Amendment to Defeat Federal Jurisdiction?

The first *Hensgens* factor asks to what extent the purpose of the amendment appears to be to defeat federal jurisdiction. *Id.*[1] In analyzing this factor, it cannot be overlooked that in federal court, Plaintiff filed its Motion for Leave to File First Amended Complaint [#9] and its Opposed Motion to Remand [#10] contemporaneously, each document in reliance on the other. The Motion to Remand specifically asserts remand is necessary because "the Court lacks subject matter jurisdiction over this case due to the inclusion of Defendant GRANT W. GUTHRIE." Mot. Remand [#10] at 1. This is, of course, the relief sought in the Motion for Leave to File First Amended Complaint. Mot. Leave to Amend [#9] at 2-3. The Motion for Leave to File First Amended Complaint is thus specifically intended to defeat federal jurisdiction.

Plaintiff nevertheless asserts that, because it has valid Texas causes of action against Guthrie individually, "there is no evidence that the destruction of diversity by virtue of Plaintiff's proposed amendment is anything other than incidental . . .." Mot. Leave to Amend [#9] at 5.

---

[1] Defendants correctly assert the fact that Plaintiff first attempted to file an amendment adding Guthrie in state court is not dispositive of this issue. Resp. Mot. Amend at 6. Although the attempted state court amendment was made the same day as the federal court removal, Plaintiff had been served two days earlier with the Defendants' request for a certified copy of the docket sheet—a fairly clear procedural signal. *Id.* Plaintiffs likely "knew that removal . . . was incoming" at the time they prepared and filed their Amended Petition in state court. *Id.*

Indeed, "if [Plaintiff] has stated a viable claim against [Guthrie] under Texas law, then it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction." *McNeel v. Kemper Cas. Ins. Co.,* No. 3:04-CV-0734-G, 2004 U.S. Dist. LEXIS 13887, *7 (N.D. Tex. July 21, 2004).

In support of this position, Plaintiff states "[t]he Texas Supreme Court has made clear that individuals such as Mr. Guthrie can be sued and chapter 541 of the Texas Insurance Code provides a private cause of action against any person that engages in unfair or deceptive acts." Mot. Leave to Amend [#9] at 4 (citing TEX. INS. CODE § 41.003).  "The Fifth Circuit, however, has made clear that in order to find a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the [agent], as an individual, committed the Texas Insurance Code or DTPA violation that caused the harm." *Green v. Nationwide Mut. Ins. Co.*, No. A-12-CV-600 LY, 2012 U.S. Dist. LEXIS 155062, *11-12 (W.D. Tex. Oct. 17, 2012) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004).  Conclusory repetitions of the statutory language that "allege no actionable facts specific to [the non-diverse defendant]" do not establish any potential liability.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).  Rather, a plaintiff seeking to assert a complaint in federal court against an individual insurance agent or adjuster must "satisfy Rules 8, 9, and 12(b)(6) and *Twombly*, to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Tex. Lloyd's*, No. H-11-2376, 2012 U.S. Dist. LEXIS 41705, *22 (S.D. Tex. Mar. 27, 2012) (collecting cases).

Plaintiff's proposed First Amended Original Complaint makes purely boilerplate allegations against Guthrie that fail to establish any specific misrepresentation, made to any

5

specific person, at any specific time. Mot. Leave. Amend. [#9] Ex. B, ¶¶ 13-15; 29-39. This generic complaint, which Plaintiff attempted to file in state court only after removal was imminent, and which Plaintiff now seeks leave to file in federal court in conjunction with a motion to remand, is specifically intended to defeat federal jurisdiction. The first *Hensgens* factor thus weighs in favor of denying the Motion for Leave to Amend. 833 F.2d at 1182.

## II. Has Plaintiff Been Dilatory In Asking For an Amendment?

"Where the plaintiff knew about the non-diverse party's activities at the time he filed suit but did not include that party as an original defendant, 'courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity.'" *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. A-15-CA-19-SS, 2015 U.S. Dist. LEXIS 33895, *14 (W.D. Tex. Mar. 18, 2015) (quoting *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 433, 435 (E.D. Tex. 1995)). The proposed new defendant, Guthrie, was the agent who sold Plaintiff the policy at issue. Mot. Leave to Amend [#9] Ex. B, Pf's 1st. Am. Orig. Compl. at ¶¶ 10-15. Plaintiff asserts Guthrie's "oral representations" concerning the policy and the claims handling process only came to light after Plaintiff's prompt payment dispute was filed against the insurer. *Id.* at 2. Plaintiff fails to explain, however, in what way Guthrie's unspecified alleged representations, discovered "subsequent to the filing of Plaintiff's original petition on February 20, 2015," could have formed the basis for Plaintiff's claimed reliance in purchasing the insurance policy or in making a claim under the policy on April 30, 2014. *Id.* at 2. Clearly, if Plaintiff has any claim based on representations by Guthrie, Plaintiff was aware of the facts underlying that claim before this suit was filed. *See Wein*, 2015 U.S. Dist. LEXIS at *14. Therefore, Plaintiff's delay in attempting to join Guthrie until removal was imminent is a factor that weighs in favor of denying the Motion for Leave to Amend. *Hensgens*, 833 F.2d at 1182.

### III.  Will Plaintiff Be Significantly Injured If the Amendment Is Not Allowed?

Plaintiff has identified no prejudice that would flow from denying the Motion to Amend.  In fact, Plaintiff acknowledges that "[a]s the employer of Defendant Guthrie, Defendant PMIC would still be implicated were any judgment rendered against Defendant Guthrie for acts committed in the course and scope of his employment."  Mot. Leave to Amend at 6.  By the same token, Plaintiff "can thus be afforded complete relief" against PMIC under the theory of *respondeat superior* should this suit proceed without the addition of Guthrie as a defendant.  *Green*, 2012 U.S. Dist. LEXIS 155062, *16 (citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15, 111 S. Ct. 1032, 1041 (1991)).

### IV.  Are There Any Other Factors Bearing on the Equities Involved?

Plaintiff asserts equity requires the amendment because "its case for the independent damages caused by Defendant Guthrie would be prohibitively difficult to present absent the proposed amendment."  Mot. Leave to Amend [#9] at 5.  Plaintiff's complaint on this count is without merit.  The fraud and DTPA claims Plaintiff seeks to assert against Guthrie "are separate and distinct" from the prompt payment and other claims alleged against Pharmacists Mutual, and Plaintiff can pursue those claims against Guthrie in state court.  *Walicek v. Mut. Protective Ins. Co.*, No. 4:07-cv-03750, 2009 U.S. Dist. LEXIS 19037, *6 (S.D. Tex. March 4, 2009).  "Although [Plaintiff] would have to litigate these separate claims in separate proceedings, one federal and one state, this is not a significant injury under *Hensgens*."  *Id.*   (citing *Arthur v. Stern*, No. H-07-3742, 2008 U.S. Dist. LEXIS 52725, *18-19 (S.D. Tex. June 26, 2008)).  Plaintiff has identified no other equitable factors that would affect the analysis.

### III. RECOMMENDATIONS

Because none of the *Hensgens* factors favors an amendment destroying diversity jurisdiction in this case, the undersigned RECOMMENDS the District Court DENY the Motion for Leave to File First Amended Complaint [#14].

Because Defendants' removal of this case was proper under 28 U.S.C. § 1441, the amount in controversy was properly established pursuant to 28 U.S.C. § 1446, and diversity jurisdiction was established and (absent the post-removal joinder of a non-diverse defendant) continues to exist under 28 U.S.C. § 1332, the undersigned RECOMMENDS that the District Court DENY the Motion to Remand.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED May 19, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE